UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CARLTON E. MCINTOSH, SR.,

    Plaintiff,

v.

COOKIE CREWS, *et al.*,

    Defendants.

NO. 5:21-CV-236-KKC-EBA

<u>OPINION AND ORDER</u>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on Defendant Dr. Angela Clifford's motion to dismiss (DE 70) the medical malpractice claim against her. The magistrate judge found that Carlton's claim cannot survive the motion to dismiss because he failed to file a certificate of merit with his medical malpractice complaint. Accordingly, the magistrate judge recommended the Court grant Clifford's motion to dismiss. Carlton filed timely objections to the magistrate judge's recommendation. (DE 84.) The Court has reviewed the recommendation and agrees with its analysis, but now turns to address Carlton's objections.

Carlton objects to the magistrate judge's application of KRS § 411.167 to his medical malpractice claims. The magistrate judge found that because Carlton failed to file a certificate of merit along with his complaint when it was filed, as required by the plain language of the statute, his medical malpractice claims could not survive. Carlton, however, objects to this finding and argues that the motion to dismiss should

be denied because: (1) he followed the certificate of merit requirement in KRS § 411.167(2)(c); (2) he filed a certificate of merit alternative as described in KRS § 411.167(7); and (3) KRS § 411.167(1) does not apply to him because his claim is not against a long-term care facility.

The Court analyzes Carlton's objections in turn.

## I.   KRS § 411.167(2)(c) Requirements

Carlton argues that he met the requirements of KRS § 411.167(2)(c). This provision states: "The claimant was unable to obtain the consultation required by paragraph (a) of this subsection because the claimant or his or her counsel had made at least three (3) separate good-faith attempts with three (3) different experts to obtain a consultation and that none of those contacted would agree to a consultation; so long as none of those contacted gave an opinion that there was no reasonable basis to commence the action." In his objection, Carlton claims that he satisfied this provision by attempting to contact Dr. Robert D. Buck, MD, Sarah M. Buschmann, NP, and Kathlyn Cassle, NP for consultations. (DE 84 at 1.) This alone does not satisfy KRS § 411.167(2)(c).

KRS § 411.167 gives three provisions for satisfying the certificate of merit requirement. KRS § 411.167(2)(a)-(c). KRS § 411.167(2) specifies, however, that a certificate of merit "means an affidavit or declaration" that one of the three provisions were met. Despite Carlton's claim that he satisfied KRS § 411.167(2)(c), he failed to file an affidavit or declaration stating that when he filed his initial complaint. This

2

failure does not satisfy the certificate of merit requirement. Accordingly, the Court is not persuaded by this objection.

## II. Certificate of Merit Alternative

Carlton further argues that he satisfied the certificate of merit requirement by following KRS § 411.167(7). This provision states that: "[t]he claimant, in lieu of serving a certificate of merit, may provide the defendant or defendants with expert information in the form required by the Kentucky Rules of Civil Procedure." KRS § 411.167(7). Carlton claims that he satisfied this provision when he filed his Disclosure of the Identity of Expert Witnesses in Compliance with Fed. R. Civ. P. 26(a)(2)(C) on March 21, 2023—roughly one-and-a-half years after filing his initial complaint. Caselaw is clear that this filing does not satisfy KRS § 411.167(7).

The certificate of merit requirement applies to both *pro se* litigants and claimants represented by counsel. *Sanchez v. McMillin*, 2022 WL 981843, *3 (Ky. Ct. App. Apr. 1, 2022). Interpreting KRS § 411.167(7) in a medical malpractice case, the Kentucky Court of Appeals has clarified that it "is unclear . . . how the General Assembly intended this subsection to work in practice since our discovery rules do not presently provide for any type of pre-suit discovery that would satisfy the certificate of merit requirement." *Id.* at *4. It noted, however, that "the purpose behind KRS 411.167 is to require claimants to consult with an expert and affirm the validity of the claim prior to filing the action[,]" which in turn "defend[s] [doctors and hospitals] against wholly frivolous negligence or malpractice claims." *Id.* The language of the statute uses the phrase "in lieu of" the certificate of merit, which the

3

Kentucky Court of Appeals found to mean "in place of" the certificate of merit *Id.* Accordingly, it would be against the plain language of the statute to "allow claimants to provide the [expert] information a month or more after the commencement of an action[.]" *Id.*

Here, Carlton filed his expert disclosure over one-and-a-half years after filing his initial complaint. The Court recognizes that Carlton is a *pro se* inmate seeking to enforce his rights and his pleadings are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Court declines to issue a ruling that would stand against the intended purpose and plain language of KRS § 411.167(7). Expert disclosure *can* operate as a certificate of merit alternative, but only if the disclosure is filed with the initial complaint. Accordingly, Carlton's objection that his March 21, 2023 expert disclosure filing satisfied the certificate of merit requirement fails.

### III.  Applicability of KRS § 411.167(1)

Finally, Carlton argues that KRS § 411.167(1) does not apply to him at all because he is not bringing a claim against a long-term care facility. This argument does not account for the first clause of the provision, which states that a certificate of merit must be filed with the complaint in "any action identified in KRS § 413.140(1)(e)[.]" KRS § 411.167(1). KRS § 413.140(1)(e) identifies these actions as "[a]n action against a physician, surgeon, dentist, or hospital licensed pursuant to KRS Chapter 216, for negligence or malpractice[.]" KRS § 413.140(1)(e). Carlton is

4

bringing a medical malpractice action against Angela Clifford, a licensed physician. Accordingly, KRS § 411.167(1)'s certificate of merit requirement applies to Carlton's medical malpractice claims.

For the reasons discussed above, the Court hereby ORDERS as follows:

1) The Report and Recommendation (DE 81) is ADOPTED; and

2) The Motion to Dismiss Angela Clifford, M.D. (DE 70) is GRANTED.

This 2nd day of October, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY